UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:14-cr-58-01 |
| ) | |
| JOHN PILCHER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER RE:
## DEFENDANT'S MOTION TO OBTAIN MIRROR IMAGE OF COMPUTER HARD DRIVE
(Doc. 37)

Defendant John Pilcher was indicted and charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Pilcher's desktop computer was seized by agents of the Department of Homeland Security. The computer and its hard drive have remained in the Government's possession pursuant to 18 U.S.C. § 3509(m). In addition, the Government alleges that a laptop found discarded in a field belongs to Pilcher. Pilcher moves the court to order the Government to provide him with a mirror image of the computers' hard drives so that his expert can forensically examine them. An evidentiary hearing was held on May 14, 2015. For the reasons stated below, Pilcher's motion is DENIED.

### I. Background

On February 21, 2014, agents from the Department of Homeland Security ("Homeland Security") seized Pilcher's desktop computer from his workplace. (Doc. 37 at 1.) On May 1, 2014, a grand jury indicted Pilcher, who was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 1.) The Government has retained possession of Pilcher's computer, as well as a discarded laptop it alleges belonged to Pilcher. On June 12, 2014, the Government provided Pilcher with a copy of a forensic computer examination completed by its expert. Pilcher wants his own expert, Thomas Workman, to conduct an

independent forensic examination of the files contained in the seized hard drives.[1] (Doc. 37 at 1-2.)

Workman testified at the May 14th hearing that his forensic examinations begin with a lengthy initial software program that essentially creates an index of metadata extracted from the hard drives. He can then run additional analyses and queries on the index in order to identify relevant information or patterns concerning the materials.

On December 19, 2014, Workman traveled to the Homeland Security Investigations ("HSI") office in Boston in order to begin his forensic examination of the hard drive. (*Id.* at 2.) A February 11, 2015 letter from Workman to the Government details the difficulties he faced in running his initial software program. (Doc. 44.) He was provided with a conference room to which every HSI employee had access. (*Id.* at 1.) HSI Special Agent Seth Plumb remained in the room with Workman at all times. (Doc. 37 at 2.) Because the examination would take all weekend to complete, Workman left the conference room on December 19, a Friday, and returned the following Monday expecting to find that the program he left running had completed successfully. However, upon his return the following Monday, Workman found that the program had stopped running and that his computer had shut down on Saturday morning. Workman believes the program's failure was caused by a power shut-off. (Doc. 44 at 2.) Workman reaffirmed these events while testifying at the hearing.

Pilcher requests an order directing the Government to provide his expert with a mirror image of the seized hard drives so that Workman can conduct a forensic examination in his laboratory, a private, secure location with an uninterrupted power source. Additionally, a mirror image would enable Workman to use his own laboratory computers—instead of the slower laptop he is required to use at the HSI facility—to run his software programs. This would reduce the length of time needed for the initial software program to run from several days to one day. (*Id.* at 2 n.1.)

---

[1] Pilcher's motion references only the hard drive from his seized desktop computer. The Government's response to Pilcher's motion indicates there are two hard drives at issue—one from the seized desktop, and one from the abandoned laptop. (Doc. 45 at 2.) The court issues this Order with respect to both hard drives.

2

## II. Defendant's Access to Materials Under 18 U.S.C. § 3509

A criminal defendant is entitled upon request "to inspect and to copy or photograph . . . data . . . if [it] is within the government's possession, custody, or control, and . . . the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). In 2006, Congress passed the Adam Walsh Child Protection and Safety Act in order to "protect children from sexual attacks and other violent crimes." Pub. L. No. 109-248, tit. II, 120 Stat. 587, 588 (July 27, 2006) ("Adam Walsh Act"). The Adam Walsh Act amended Rule 16 of the Federal Rules of Criminal Procedure with respect to the Government's disclosure of child pornography materials.

The Adam Walsh Act mandates that any child pornography "remain in the care, custody, and control of either the Government or the court." 18 U.S.C.A. § 3509(m)(1). It provides:

> Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the property or material reasonably available to the defendant.

*Id.* § 3509(m)(2)(A). The Act defines reasonable availability as "ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." *Id.* § 3509(m)(2)(B). Although Pilcher does not raise the issue, the court notes that several courts have considered and upheld the constitutionality of the disclosure limitations imposed by 18 U.S.C.A. § 3509(m). *See, e.g., United States v. Hornback*, No. 3:10-13-DCR, 2010 WL 4628944, at *1 (E.D. Ky. Nov. 8, 2010); *United States v. Battaglia*, No. 5:07cr0055, 2007 WL 1831108, at *4 (N.D. Ohio June 25, 2007); *United States v. Spivack*, 528 F. Supp. 2d 103, 107 (E.D.N.Y. 2007).

## III. Application

Congress has determined that the welfare of child pornography victims outweighs a criminal defendant's right to duplicate child pornography materials in preparation for his defense, as long as access to the materials is made reasonably available to him. The question the court addresses is whether Pilcher has ample opportunity to examine the hard drives at the HSI facility.

3

The court held an evidentiary hearing on May 14, 2015.  Pilcher's expert, Thomas Workman, testified at the hearing.  He described the unfortunate power failure that compromised his initial software program and wasted a weekend's amount of work.  He also expressed his concern that the problem could repeat itself, resulting in either another crash of the software program or corrupted output.  He listed the various benefits of conducting his examination in his own laboratory, such as the time flexibility in running lengthy queries and programs, as well as immediate access to his significant library of printed technical reference materials.  HSI Special Agent Seth Plumb also testified at the hearing.  He described the layouts and security of the conference room in which Workman had attempted to run his initial software program and of the HSI facility's Adam Walsh Room, recently designated as a space for defense experts to conduct their forensic examinations.

Pilcher has not shown that his expert's opportunity to examine the materials is less than ample.  The constraints to which Workman testified at the hearing are largely matters of convenience.  Inconvenience for the defendant's expert is not sufficient to render access unreasonable.  *See United States v. Wright*, 625 F.3d 583, 615 (9th Cir. 2010); *Hornback*, 2010 WL 4628944, at *2-3.  Pilcher points to *United States v. Knellinger*, 471 F. Supp. 2d 640 (E.D. Va. 2007), in arguing that his expert has not been afforded an ample opportunity to examine the materials on the seized hard drives.  However, unlike one of the experts in *Knellinger*, Workman is able to run the software programs necessary to conduct his examination, albeit more slowly, using his laptop computer at the HSI facility.  Nor is there evidence that Workman's fees will increase by an exorbitant amount by conducting his examination at the HSI facility, as was the case with another *Knellinger* expert.

The court concludes that the the materials on the seized hard drives are reasonably available to Pilcher and his expert to the extent the Government provides Workman the following accommodations:

- Workman shall be permitted to access and consult the Government's technical materials, such as operating system manuals;
- Workman may bring his tools and equipment, including books and manuals, into the HSI facility;

4

- Workman shall be permitted to use the HSI facility's Adam Walsh Room, to which only he, the agent assigned to assist him, and senior supervisors will have access by key;
- Workman shall be permitted to conduct his examination in private on the condition that he leave his laptop's hard drives at the HSI facility; when his examination is complete, the parties will ensure that the hard drives have been forensically wiped of data before they are returned to Workman;
- Workman will have access to the HSI facility between 8:00 am and 6:00 pm; the Government will accommodate extended hours on forty-eight (48) hours' notice if necessary;
- Workman shall complete his examination within sixty (60) days of the date of this Order.

Additionally, the court sets a deadline of August 1, 2015 for the filing of pre-trial motions.

### IV. Conclusion

For the reasons stated above, Pilcher's motion to obtain a mirror image of the seized computers' hard drives is DENIED. The Government is ordered to comply with the accommodations listed above. For ease of reference, these accommodations are set out in a separate order. Because the resolution of the defendant's motion starts the running of the speedy trial clock, the court anticipates that the parties will file a stipulated motion to extend the time for trial to October 1, 2015. That allows 60 days to complete the exam; a month to resolve any pre-trial motions; and the month of September for a trial.

Dated at Rutland, in the District of Vermont, this 20th day of May, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court